IKE AKES ET AL. v. D. H. SANFORD.

Decided November 9, 1898.

**Appeal—Cost Bond—Affirmance.**

Upon judgment rendered on affirmance of an appeal by defendant against appellant and the sureties on his cost bond, satisfaction may be had of them for the costs of the lower court secured by such appeal bond, though the judgment (foreclosure of a lien on land) has been executed pending the appeal by sale under the foreclosure, and the proceeds applied by the sheriff to the payment of the costs, the balance being credited on the judgment, which it only partly satisfied.

APPEAL from Milam. Tried below before Hon. W. G. TALIAFERRO.

*W. A. Morrison,* for appellants.

*N. H. Tracy,* for appellee.

KEY, ASSOCIATE JUSTICE.—December 4, 1895, appellee recovered judgment against Ike Akes for the sum of $156.53, and all costs of suit, amounting to $27.05, with foreclosure of a lien on certain real estate. January 29, 1896, Akes perfected a writ of error to this court with W. A. Morrison and Leonard Isaacs as sureties on his writ of error bond, which bond was conditioned, "that the said Akes would prosecute his said suit with effect, and pay off and discharge all the costs that have accrued in the court below or that may accrue in the Court of Civil Appeals and in the Supreme Court.

While the case was pending in this court, an order of sale was issued in the court below for the sale of the land described in the judgment; and on March 7, 1897, the land was sold, appellee D. H. Sanford becoming the purchaser for the sum of $75. The sheriff who made the sale appropriated the sum of $52.20 to the payment of the costs which had then accrued in the case, and credited the balance of the purchase money on the judgment.

December 16, 1896, this court affirmed the judgment of the lower court and rendered judgment against Akes, as principal, and Morrison and Isaacs, as sureties, for all the costs; and a mandate was issued by this court and filed in the court below on the 27th day of March, 1897.

On May 20, 1898, the plaintiff Sanford filed in the court below a motion asking the court to make an order directing the clerk to issue execution against Ike Akes, W. A. Morrison, and Leonard Isaacs for $52.50. Akes and Morrison answered the motion by exception and by general denial.

The judgment of the court, after reciting the facts as above stated, reads as follows:

"It is therefore considered, ordered, adjudged, and decreed by the court, that the plaintiff, D. H. Sanford, do have and recover of and from said Ike Akes, as principal, and W. A. Morrison and Leonard Isaacs, as sureties, the said sum of $52.20, the amount of the said costs in this

court, they being liable by reason of said writ of error bond, and by reason of the fact that the property was not sold for enough to satisfy plaintiff's judgment, for which the plaintiff may have his execution, and it is ordered accordingly. To which ruling of the court and judgment, the said defendants Ike Akes and W. A. Morrison and Leonard Isaacs excepted, and in open court gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District."

We do not think the appellants have any meritorious ground of complaint against the action of the court. It is not shown that they will be compelled to pay the debt twice. The $52.20 of the proceeds of the sale of the land, applied by the sheriff to the payment of the costs, reduced to that extent the amount that would have been applied as a payment to the plaintiff's debt. Therefore, Akes still owes the plaintiff that amount of money.

As to the sureties, Morrison and Isaacs, against whom judgment was rendered in this court for all costs, they have paid nothing, and as the plaintiff's debt was secured by a lien on the real estate, they had no right to insist that any of the proceeds of the sale of the real estate shall be applied to the payment of costs, so as to release them from their liability. While the sheriff may have had the right to appropriate the $52.20 to the payment of the costs, as between the plaintiff and the defendant Akes and the sureties on his bond, the matter stands as though $75, the entire amount for which the land sold, had been credited on his debt, and he had then paid the $52.20 costs; in which event, he would have been subrogated to the rights of the officers entitled to the costs, including the right to have an execution issued for said costs.

The action of the court has attained the ends of justice, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.